UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| GEORGE VASQUEZ,<br><br>             Plaintiff,<br><br>      v.<br><br>AUDREY KING and JACK CARTER,<br><br>             Defendants. | Case No. 1:10-cv-01973-BLW<br><br>**ORDER** |

      This case was recently severed from the consolidated case of *Allen v. King*, 1:06-cv-01801-BLW-LMB, and reopened (as were the individual cases of all remaining Plaintiffs). Pursuant to the Court's August 1, 2013 Memorandum Decision and Order in the consolidated case, Plaintiff George Vasquez filed a First Amended Complaint[1] on September 23, 2013 (Dkt. 11) after moving for an extension of time (Dkt. 9). Plaintiff has also filed (1) a Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. 10); (2) a Motion for Leave to File Correction of Error (Dkt. 12); and (3) a Second Request for Temporary Restraining Order and Preliminary Injunction (Dkt. 13).

---

[1] On November 14, 2013, Plaintiff re-filed with the Court the first page of his Amended Complaint along with a certificate of service. Although the document was docketed as a second amended complaint, it appears merely to be Plaintiff's way of informing the Court that he has served the Amended Complaint on Defendants, given that the initial Amended Complaint, filed at Docket No. 11, does not contain a certificate of service.

**ORDER - 1**

The Court now reviews the Amended Complaint and determines that it fails to state a claim upon which relief may be granted. Therefore, this case will be dismissed with prejudice.

## BACKGROUND

The parties are familiar with the circumstances surrounding Plaintiff's claims. In brief, Plaintiff is a civil detainee committed to Coalinga State Hospital (CSH), where he is awaiting trial as an accused sexually violent predator under California's Sexually Violent Predator Act (SVPA). *See* Cal. Welf. & Inst. Code § 6600 *et seq*. He challenges the conditions of his commitment.

## DISCUSSION

As the Court noted in its August 1, 2013 Memorandum Decision and Order in the consolidated case, a complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* While a complaint challenged by a Rule 12(b)(6) motion to dismiss "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's

**ORDER - 2**

liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a valid claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by the conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Individuals who are in custody but who are not prisoners, such as civil detainees like Plaintiff, have a substantive due process right to be free from restrictions that amount to punishment*. United States v. Salerno*, 481 U.S. 739, 746-47 (1987); *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "This right is violated if restrictions are imposed for the purpose of punishment. There is no constitutional infringement, however, if restrictions are but an incident of some other legitimate government purpose. In such a circumstance, governmental restrictions are permissible." *Valdez v. Rosenbaum*, 302 F.3d 1039, 1045 (9th Cir. 2002) (internal citations and quotation marks omitted). "Put more simply, 'if a particular condition or restriction of pretrial detention [or civil commitment] is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment.'" *Id.* at 1046 (quoting *Bell*, 441 U.S. at 539). Therefore, Plaintiff may proceed on his claims only if he alleges specific facts that, if true, would support a plausible inference that CSH's actions are not justified by some legitimate, non-punitive state purpose.

**ORDER - 3**

Plaintiff's lengthy Amended Complaint is filled with generalized statements and legal arguments, but little to no factual support. For example, Plaintiff alleges that he was "not afforded the minimal due process protections required" for commitment pending trial under the SVPA. (*Id*. at 6.) Plaintiff contends he is being held illegally because he does not have "the current symptoms necessary to commit him." (*Id*.) These vague assertions are insufficient to meet the pleading standard of Rule 8. *See Ashcroft v. Iqbal*, 556 U.S. at 678.

Plaintiff also alleges that CSH's policy of prohibiting detainees from possessing their own computer equipment violates his constitutional rights. (Am. Compl., Dkt. 11, at 1-2.) In doing so, Plaintiff ignores the Court's previous order dismissing all claims regarding the confiscation of personal computers and gaming devices. (*See* Case No. 1:06-cv-01801-BLW-LMB, Dkt. 102.) Plaintiff's allegations do not give rise to a plausible inference that he is being subjected to conditions that amount to punishment.

The Amended Complaint fails to state a claim upon which relief may be granted. Accordingly, this case will be dismissed with prejudice.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for an Extension of Time to file the Amended Complaint (Dkt. 9) is GRANTED. The Amended Complaint (Dkt. 11) is deemed timely.

2.   Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, and this entire action is DISMISSED with prejudice.

3.   Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 10) is MOOT.

4.   Plaintiff's Motion for Leave to File Correction of Error (Dkt. 12), which seeks to name an additional defendant, is MOOT.

5.   Plaintiff's Second Request for Temporary Restraining Order and Preliminary Injunction (Dkt. 13) is MOOT.

DATED:  **February 7, 2014**

B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER - 5**