UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| GEORGE VASQUEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>AUDREY KING, et al.,<br><br>        Defendants. | Case No. 1:10-cv-01973-BLW<br><br>**ORDER** |

Plaintiff George Vasquez is a civil detainee held at California's Coalinga State Hospital (CSH) awaiting trial as an accused sexually violent predator under California's Sexually Violent Predator Act (SVPA). This case was case was severed from the consolidated case of *Allen v. King*, 1:06-cv-01801-BLW-LMB, and reopened (as were the individual cases of all remaining plaintiffs in the consolidated cases). Pursuant to the Court's August 1, 2013 Memorandum Decision and Order, Plaintiff filed a First Amended Complaint on September 23, 2013. (Dkt. 11).

On February 7, 2014, the Court dismissed the First Amended Complaint with prejudice. The Court determined that Plaintiff's First Amended Complaint failed to state a claim upon which relief could be granted. (Dkt. 16.) This case is currently on appeal.

Now pending before the Court is Plaintiff's Motion for Relief from Judgment

**ORDER - 1**

under Federal Rules of Civil Procedure 60(a) and 60(b)(6). (Dkt. 19). The parties are familiar with the facts of this case, and those facts will not be repeated here except as necessary to explain the Court's decision. The Court has concluded that oral argument is unnecessary. Accordingly, for the following reasons, the Court will deny Plaintiff's Motion.

**1.     Standards of Law**

Under Rule 60(a), a district court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." However, once an appeal has been docketed and while that appeal is pending, "such a mistake may be corrected only with the appellate court's leave." *Id*.

Under Rule 60(b), a court may grant a party relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). The last catch-all provision in Rule 60(b)(6) should only be granted "sparingly as an equitable remedy to prevent manifest injustice." *United States v. Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996) (internal quotation marks omitted).

2.     Analysis

    A.     *Rule 60(a)*

With respect to Plaintiff's 60(a) request for correction of clerical mistakes, Plaintiff takes issue with the caption of the case as set forth in the Court's February 7, 2014 Order, which listed Audrey King and Jack Carter as Defendants. When this case was still consolidated with the cases of other individuals residing at CSH, the Court substituted as Defendants Audrey King, the Acting Executive Director for CSH, and Andrew Berard, the Acting Chief of Protective Services for CSH. (Dkt. 8.) The Court dismissed all other Defendants from the consolidated actions. Because this Order applied to all of the consolidated cases, the caption of Plaintiff's case was, when it was reopened, changed to reflect that Defendants King and Berard were the Defendants in the case. (*See id.*)

In the consolidated case, the Court was later informed by Defendants' counsel that Andrew Berard was no longer the Acting Chief of Protective Services; rather, the individual holding that position was now Jack Carter. (*See Allen v. King*, 1:06-cv-01801-BLW-LMB, Dkt. 171.) Therefore, the Court substituted Jack Carter as a Defendant in place of Andrew Berard in that separate case.

Plaintiff is correct that Mr. Carter was not substituted as a Defendant in Plaintiff's individual case. The Court's use of Mr. Carter's name in the caption of its February 7, 2014 Order was a clerical mistake. Therefore, the Court would grant this portion of

**ORDER - 3**

Plaintiff's Motion if given leave to do so by the Ninth Circuit. Unless such leave is granted, however, this Court does not have the authority correct the mistake. Fed. R. Civ. P. 60(a). This clerical mistake does not alter the Court's substantive analysis of Plaintiff's First Amended Complaint.

Plaintiff's remaining claims regarding the caption of the February 7 Order are without merit. As the Court explained in its February 7 Order, Plaintiff's allegations failed to state a claim upon which relief could be granted, and Plaintiff was not allowed to proceed against any Defendant, including Pam Ahlin, Coalinga State Hospital, Cliff Allenby, or Edmund G. Brown—the defendants listed in Plaintiff's proposed First Amended Complaint. Thus, these individuals properly were not included in the caption of the February 7 Order.

Finally, Plaintiff takes issue with the Court's use of the word "committed" when it described Plaintiff as "a civil detainee committed to Coalinga State Hospital . . . , where he is awaiting trial as an accused sexually violent predator." (Dkt. 16 at 2.) Plaintiff states that he has never been "committed" because he has not been adjudicated a sexually violent predator.

The Court's language of "commitment" was perhaps a bit imprecise, but it was clear from the Court's Order that Plaintiff has not been adjudicated a sexually violent predator, but rather is detained at CSH "*awaiting trial as an accused* sexually violent predator." Because the description of Plaintiff's status as a civil detainee was clear from

**ORDER - 4**

the context of the Court's statement, the Court will deny this portion of Plaintiff's Motion.

B.   *Rule 60(b)(6)*

Plaintiff's primary complaint under Rule 60(b)(6) appears to be that the Court did not "acknowledge or consider" Plaintiff's individual claims when his suit was joined" in the consolidate cases. (Dkt. 19 at 3.) However, the Court *did* consider Plaintiff's individual claims in its August 1, 2013 Order and determined that they did not appear to state a claim for relief:

> [T]he Court has reconsidered some of the allegations if previously identified as potentially giving rise to a viable claim, and determined that some of those allegations—such as those relating to Plaintiff's property and movie claims—appear not to state a colorable claim for relief.

(Dkt. 8 at 19.) However, rather than enter judgment against Plaintiff at that time, the Court allowed Plaintiff an opportunity to file an amended complaint, which he did.

The Court reviewed the First Amended Complaint and determined that it failed to state a viable claim for relief. (Dkt. 16.) Any claims that Plaintiff had included in his initial complaint, but did not include in his First Amended Complaint, are deemed abandoned. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co.,*

**ORDER - 5**

*Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint). The Court carefully reviewed and considered Plaintiff's initial Complaint, as well as his First Amended Complaint, and made its decision based on Plaintiff's own allegations in those pleadings.

Finally, Plaintiff argues that the First Amended Complaint added an "extra element" to his claim that he should be allowed to possess a computer at CSH and that the Court ignored that element. (Dkt. 11 at 4.) This extra element is Plaintiff's contention that he had a contract[1] allowing him to use a computer and, therefore, a state-created property interest protected by the Due Process Clause. (*Id.*)

These allegations do not state a due process claim, because the mere fact that a contract might have existed at some point in time does not plausibly suggest that such a contract, by its terms, granted Plaintiff a *permanent* right to possess a computer even if the state policies regarding computers at CSH changed (which they did). Plaintiff's generalized statements and legal arguments do not support a plausible inference that state officials changed the computer policy as a form of punishment. *See United States v. Salerno*, 481 U.S. 739, 746-47 (1987); *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). As the Court explained in previous Orders, the right of a civil detainee to be free from conditions that amount to punishment is not violated "if restrictions are but an incident of some other

---

[1] If Plaintiff wishes to assert a breach of contract claim, he should do so in state court.

**ORDER - 6**

legitimate government purpose." (Dkt. 8 at 6, quoting *Valdez v. Rosenbaum*, 302 F.3d 1039, 1045 (9th Cir. 2002).) Plaintiff's allegations of due process violations do not allow the Court "to draw the reasonable inference that . . . defendant[s] [are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff has not come forward with any compelling reason for the Court to reopen Plaintiff's case under the catch-all provision of Rule 60(b), and Plaintiff therefore has failed to meet his heavy burden of showing that such relief must be granted to prevent manifest injustice. *Washington*, 98 F.3d at 1163.

## ORDER

**IT IS ORDERED** that Plaintiff's Motion for Relief from Judgment under Rules 60(a) and 60(b)(6) (Dkt. 19) is **DENIED**. Although the Court has no authority to grant Plaintiff's request to correct the clerical mistake identified above, *see* Fed. R. Civ. P. 60(a), it would do so if given leave by the Ninth Circuit Court of Appeals.

DATED: **March 27, 2014**

B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER - 7**