UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE VASQUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>STEVEN MAYBERG, et al.,<br><br>    Defendants. | Case No. 1:10-cv-01973-DAD-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL JOINDER AND SUBSTITUTION**<br><br>(ECF NO. 30) |

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's substantive due process claim regarding the regulation of electronics. (ECF Nos. 11, 27.)

Before the Court is Plaintiff's Motion to Compel Joinder and/or Substitution of New Party Having Interest in Transfer of Property. (ECF No. 30.) Plaintiff's motion seeks to substitute Robert D. Lefort, as the named Plaintiff in place of Plaintiff because Plaintiff plans to transfer his electronic property to Mr. Lefort on Plaintiff's (imminent) release from custody.

Plaintiff may not substitute another party as plaintiff.

Rule 17 of the Federal Rules of Civil Procedure requires that an action "be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Here,

Plaintiff is the real party in interest as the claim involves an alleged violation of his substantive due process rights. The claim does not concern property, but rather the rights of Plaintiff to own and possess that property while detained in civil custody. Plaintiff may not substitute another plaintiff to pursue that interest in this action.

Accordingly Plaintiff's Motion to Compel Joinder and/or Substitution of New Party Having Interest in Transfer of Property (ECF No. 30) is DENIED.

IT IS SO ORDERED.

Dated: March 2, 2018         /s/ *Michael J. Seng*
                             UNITED STATES MAGISTRATE JUDGE