| | |
|---|---|
| GEORGE VASQUEZ, | Case No. 1:10-cv-01973-DAD-JDP |
| Plaintiff, | |
| v. | ORDER PERMITTING PLAINTIFF TO FILE SUPPLEMENTAL SUBMISSIONS IN SUPPORT OF HIS MOTION FOR INJUNCTIVE RELIEF |
| EDMUND G. BROWN, PAM AHLIN, and BRANDON PRICE, | |
| Defendants. | (Doc. No. 29) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff George Vasquez is a civil detainee held at the Coalinga State Hospital ("CSH") who is proceeding pro se under 42 U.S.C. § 1983. Plaintiff alleges that CSH has limited his access to some of his personal property, including certain electronic devices, while he is awaiting trial as an alleged sexually violent predator under California's Sexually Violent Predator Act. Plaintiff filed a complaint alleging that the restrictions violate his rights to substantive due process and equal protection under the U.S. Constitution.

This is not a young case. Plaintiff filed his complaint in October 2010. (Doc. No. 1.) In February 2014, the court dismissed the complaint with prejudice, holding that plaintiff had failed to state a claim. (Doc. No. 16, at 5.) In 2015, the Court of Appeals for the Ninth Circuit

1

reinstated plaintiff's substantive due process claim, though affirming dismissal of his equal protection claim. (Doc. No. 27, at 2-3.) Plaintiff filed several motions in 2018.[1] (*See* Doc. Nos. 29-32.) This order concerns plaintiff's February 20, 2018 motion for a temporary restraining order and a preliminary injunction—as amended in plaintiff's February 23, 2018 motion, which makes a minor wording change. (Doc. Nos. 29, 33.)

Plaintiff asks the court to compel defendants and their agents to grant him access to certain of his personal property—including his computer, electronic storage devices, and legal documents—and to stay this case to allow plaintiff "an opportunity to present the need for a [p]reliminary [i]njunction." (Doc. No. 29, at 1-2, 5.) Plaintiff's request for a temporary restraining order is without merit; he has not shown the need for the court to issue such an immediate order without a response from defendants. *See* Fed. R. Civ. P. 65(b)(1). Plaintiff also has not shown that a preliminary injunction is warranted, but the court will allow plaintiff an opportunity to supplement his motion and to articulate why he believes a preliminary injunction to be necessary.

A party seeking a preliminary injunction must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm absent preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction will serve the public interest. *See Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 730 (9th Cir. 2017). Plaintiff's motion falls short of satisfying these requirements. As Judge B. Lynn Winmill explained when evaluating plaintiff's complaint, plaintiff's submissions are "filled with generalized statements" and legal conclusions, but plaintiff offers "little to no factual support" for his claims. (Doc. No. 16, at 4.) General and conclusory statements do not entitle him to a preliminary injunction. Plaintiff must explain with specificity and, where appropriate, with supporting facts, why each part of the four-part test discussed above is satisfied. If plaintiff fails to make such a showing, the court will dismiss his motion.

---

[1] On March 28, 2018, the court directed service on defendants Edmund G. Brown, the governor of California, Pam Ahlin, the director of California Department of State Hospitals, and Brandon Price, the executive director of CSH. (Doc. No. 37.)

2

The court acknowledges plaintiff's argument that the loss of his personal property could result in irreparable harm by denying him access to court. This argument goes to one of the four requirements of a preliminary injunction—likelihood of irreparable harm absent a preliminary injunction—but it does not necessarily satisfy that requirement. To demonstrate irreparable harm, plaintiff would need to demonstrate that the restrictions indeed deny him access to court, rather than merely introducing inconvenience.

The parties shall follow the briefing schedule set forth below. If plaintiff needs more time to prepare filings or undertake other necessary tasks because of restrictions on his personal property, plaintiff may request extensions commensurate with any unavoidable delays. In any such request, plaintiff should explain in detail how the restrictions on his personal property have translated into lost time.

Accordingly,

1. Plaintiff is instructed to file and serve any supplemental submissions in support of his motion for injunctive relief (Doc. No. 29) within 21 days of the date of this order.
2. If plaintiff supplements his current motion, defendants shall file and serve any response within 21 days of the service of plaintiff's supplemental submission.
3. Any reply from plaintiff must be filed within 10 days of the service of defendants' response.

IT IS SO ORDERED.

Dated: May 25, 2018

/s/ *Jeremy D. Peterson*
UNITED STATES MAGISTRATE JUDGE