UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE VASQUEZ,<br><br>  Plaintiff,<br><br> v.<br><br>EDMUND G. BROWN, *et al.*,<br><br>  Defendants. | Case No. 1:10-cv-01973-DAD-JDP<br><br>FINDINGS AND RECOMMENDATIONS:<br><br>(1) TO DENY PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF;<br>(2) TO DENY PLAINTIFF'S MOTION FOR REHEARING TO ALTER OR AMEND JUDGMENT;<br>(3) TO GRANT DEFENDANTS' MOTION TO DISMISS; AND<br>(4) TO GRANT LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(Doc. Nos. 29, 38, 44.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS<br><br>ORDER GRANTING:<br><br>(1) PLAINTIFF'S MOTION IN ERRATA;<br>(2) PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME; AND<br>(3) PLAINTIFF'S MOTION FOR A REBUTTAL<br><br>(Doc. Nos. 33, 51, 59.) |

1

Plaintiff George Vasquez is a civil detainee in the custody of the California Department of State Hospitals ("DSH"), held at the Coalinga State Hospital ("CSH"). He proceeds without counsel in this civil rights action under 42 U.S.C. § 1983. On February 7, 2014, the court entered a screening order dismissing this action with prejudice for failure to state a claim upon which relief may be granted. (Doc. No. 16.) Vasquez appealed, and the U.S. Court of Appeals for the Ninth Circuit affirmed in part, reversed in part, and remanded the case for further proceedings. (Doc. No. 27.) The court of appeals held that the district court properly dismissed Vasquez's equal protection claim, but that Vasquez's first amended complaint stated "a plausible due process claim arising from the regulation of his electronic devices." (*Id*. at 2.)

Defendants have appeared and have responded to the first amended complaint with a motion to dismiss. (Doc. No. 44.) They argue, among other things, that Vasquez's claim for injunctive relief has been rendered moot by the 2018 amendment and replacement of the regulation that was the subject of Vasquez's 2013 first amended complaint. (*See id*.) The Ninth Circuit did not have an opportunity to address this issue in their 2015 decision. (*See* Doc. No. 27.)

The undersigned now enters findings and recommendations: (1) to grant defendants' motion to dismiss (Doc. No. 44); (2) to deny plaintiff's motion for temporary restraining order and preliminary injunction (Doc. No. 29); and (3) to deny plaintiff's motion to reconsider his motion to compel joinder or substitution of a new party having interest in transfer of property (Doc. No. 30).

**I.    VASQUEZ'S ALLEGATIONS**

The first amended complaint (Doc. No. 11), filed on September 23, 2013, is the operative complaint. Vasquez alleges that he is awaiting trial in Los Angeles County, California to determine whether he can be classified as a sexually violent predator under California's Sexually Violent Predator Act ("SVPA") (Cal. Welf. & Inst. Code § 6600 *et seq*.). (First Amended Complaint ("FAC"), Doc. No. 11, at 1.) He claims that he does not possess the psychological symptoms necessary to justify civil commitment under the SVPA. (*Id*. at 8.) He alleges that defendants violated his constitutional rights by regulating the use of his electronic

devices because the regulations have the purpose and effect of punishing CSH civil detainees like himself. (*Id*. at 13.)

Vasquez asks the court to enjoin DSH from enforcing an emergency regulation, which he identifies as "OAL File No. 2009-1015-04E" (dated October 26, 2009)—alternatively known as section 4350 of title 9 of the California Code of Regulations (§ 4350). (*Id*. at 12, 14-15.) He claims that enforcement of § 4350 will deprive him of his previously-granted right to possess electronic devices at CSH. (*Id*. at 12, 14-15.) As applied to Vasquez, § 4350 will deprive him of his electronic property, including his personal computer, all peripheral hardware and software, and multiple handheld portable gaming systems. (*Id*. at 14-15.) Additionally, Vasquez will be deprived of his compiled legal data and data related to his medical treatment at CSH. (*Id*. at 14-15.) He alleges that, in banning all electronic devices, § 4350 does not employ the least restrictive means of achieving the legitimate purpose it was allegedly enacted to serve. (*Id*. at 12-13, 33-34.) By enjoining DSH from enforcing § 4350, he seeks to "maintain the status quo before any more changes to the policies are implemented." (*Id*. at 15.) He states that the anticipated changes are "imminent," and that he will not be compensated for the seizure of his property. (*Id*. at 16.)

It is alleged that Vasquez received notice of the planned implementation of § 4350 in 2010. (*Id*. at 17, 37.) Defendant Pam Ahlin was the previously-appointed or acting Executive Director for CSH at the time of the notices.[1] (*Id*.) Defendant Ahlin is the current Director of DSH. Defendant Edmund G. Brown is sued in his official capacity as the Governor of the State of California, and Vasquez seeks to enjoin him from signing bills into law and authorizing regulations that will enable DSH to prohibit and seize electronic devices at CSH. (*Id*. at 37-38, 44.)

Vasquez prays for injunctive and declaratory relief. (*Id*. at 44.) He also seeks damages from each defendant to compensate for the future loss of his electronic devices, including damages related to loss of use and the lost property value of the devices. (*Id*. at 45-46.)

---

[1] Defendant Brandon Price is the current CSH Executive Director.

3

Vasquez further seeks punitive damages from each defendant for emotional distress and loss of privacy that Vasquez expect to suffer when § 4350 is enforced. (*Id*. at 46.)

## II. DEFENDANTS' MOTION TO DISMISS

Defendants Brown, Ahlin, and Price have brought a motion to dismiss the remaining substantive due process claim. (Doc. No. 44.) They argue that: (1) Vasquez's case has been rendered moot by a 2018 amendment to § 4350; (2) the claim against defendant Brown is barred by the Eleventh Amendment and there is no causal link between defendant Brown's actions and the due process claim; (3) they are entitled to qualified immunity; and (4) the due process claim is not cognizable. (*Id*.)

### A. Request for Judicial Notice

A Federal Rule of Civil Procedure 12(b)(6) motion tests the legal sufficiency of a complaint's allegations and "[r]eview is limited to the complaint." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir.1993)). However, a court may consider materials outside a complaint in limited circumstances. *See Khoja v. Orexigen Therapeutics, Inc*., 2018 WL 3826298, at *6 (9th Cir. Aug. 13, 2018). A court may take judicial notice of facts "not subject to reasonable dispute" when those facts are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

Defendants ask the court to take judicial notice of several documents related to Vasquez's allegations and the Coalinga State Hospital. (Doc. No. 44-2.) Vasquez does not object to the request for judicial notice. However, the court must exercise caution not "improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja*, 2018 WL 3826298, at *6. Accordingly, the court will take judicial notice of facts that can be accurately and readily determined from the public record as requested by the defendants, but it will not take judicial notice of any facts that could be reasonably disputed. *See* Fed. R. Evid. 201; *Khoja*, 2018 WL 3826298, at *7.

**B. Official capacity claim**

Defendants argue that DSH's 2018 amendment of § 4350 has rendered Vasquez's first amended complaint moot because the remaining claim (due process) addresses only the 2009 version of § 4350. The court agrees.

The 2009 version of § 4350 contested by Vasquez in the amended complaint classifies electronic devices as contraband and states:

> § 4350. Contraband Electronic Devices with Communication and Internet Capabilities.
>
> Electronic devices with the capability to connect to a wired (for example, Ethernet, Plain Old Telephone Service (POTS), Fiber Optic) and/or a wireless (for example, Bluetooth, Cellular, Wi-Fi [802.11a/b/g/n], WiMAX)-communications network to send and/or receive information are prohibited, including devices without native capabilities that can be modified for network communication. The modification may or may not be supported by the product vendor and may be a hardware and/or software configuration change. Some examples of the prohibited devices include desktop computers, laptop computers, cellular phones, electronic gaming devices, personal digital assistant [*sic*] (PDA), graphing calculators, and radios (satellite, shortwave, CB and GPS).

Cal. Code Regs. tit. 9, § 4350 (2009) (Doc. No. 44-1, at 24-25).

Vasquez was concerned that implementation of the prior version § 4350 would completely deprive him of his electronic property, including his personal computer, all peripheral hardware and software, and multiple handheld portable gaming systems. (*Id*. at 14-15.) He was further concerned that the prior regulation would deprive him of his compiled legal data and data related to his medical treatment at CSH. (*Id*. at 14-15.)

The 2009 version of § 4350 was subject to an enforcement moratorium when Vasquez filed his amended complaint on September 23, 2013. (*See* Doc. No. 11.) In early 2018, however, DSH amended § 4350, and an amended version, superseding the prior version, took effect on January 12, 2018. *See* Cal. Code Regs. tit. 9, § 4350 (2018). Enforcement commenced on January 23, 2018. (Doc. No. 29, at 1.)

The amended regulation expands the set of prohibited devices, extending the regulatory prohibition to devices with the ability to record or store materials. (*See* Doc. 44-1, at 24-25.)

Explaining the expanded prohibition, DSH stated in a Notice and Finding of Emergency Regulations for Rulemaking that "technological changes and further information on patient electronic abilities noted a need to control data storage not addressed in the original regulation." (*See id.* at 10.)

Under the revised regulation, many—if not all—of electronic devices Vasquez identified in the first amended complaint will remain prohibited. The amended regulation may, however, alleviate specific concerns raised by Vasquez by easing restrictions in at least two relevant ways: First, by authorizing hospitals, at their discretion, to permit patients to use otherwise-prohibited items on a supervised basis. *See* Cal. Code Regs. tit. 9, § 4350(d). Second, by providing for devices currently possessed by patients to be mailed to off-site locations after a consented-to search, rather than permanently confiscated. *See id*. § 4350(e). These provisions may address Vasquez's concerns in the first amended complaint regarding complete deprivation of his property and complete loss of legal data and data related to medical treatment at CSH. The current regulation thus impacts Vazquez's due process rights differently than the 2009 regulation complained of in the first amended complaint.

Although Vasquez stated a plausible due process claim (*see* Doc. No. 27 at 2), his claim for injunctive relief is now moot because he will not be subject to implementation of the 2009 version of § 4350. Vasquez does not face a risk of irreparable harm from enforcement of the superseded, 2009 regulation. *See Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (holding that a prisoner's claims for injunctive relief are moot when the prisoner is no longer subject to the prison conditions or policies he challenges). Therefore, the court will recommend dismissal of Vasquez's claim for injunctive relief against the defendants in their official capacities.

**C. Individual capacity claim**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill*., 137 S. Ct. 911, 916 (2017). To state a claim under Section 1983, a plaintiff must allege that a defendant, while acting under color of state law, personally participated in the deprivation of a right secured by federal law. *See Soo Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017). A defendant personally

participates in the deprivation "if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Atayde v. Napa State Hosp.*, 255 F. Supp. 3d 978, 988 (E.D. Cal. 2017) (quoting *Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012)). Vague and conclusory allegations of personal involvement in an alleged deprivation do not suffice. *Id*.

"Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior*." *Id*. Thus, when a plaintiff names a supervisor as a defendant, "the causal link between him or her and the claimed constitutional violation must be specifically alleged." *Id*. (citations omitted). A plaintiff can satisfy this requirement by alleging that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011).

In addition to injunctive relief, Vasquez has requested damages for the future harm caused by the enforcement of the 2009 version of § 4350. (Doc. No. 11 at 45-46.) He is seeking damages from each defendant to compensate for the future loss of his electronic devices, including damages related to loss of use and the value of the devices. (*Id*. at 45-46.) He seeks punitive damages from each defendant due to the emotional distress and loss of privacy that Vasquez claims he will suffer when the 2009 regulation is enforced. (*Id*. at 46.)

Although Vasquez stated a plausible due process claim for prospective relief against the defendants in their official capacities, the allegations of the first amended complaint are insufficient to state a plausible claim for damages against the defendants in their individual capacities.[2] Vasquez alleges only a prospective injury, which he seeks to prevent by enjoining officials from enforcing the 2009 version of § 4350. While the defendants named in this case are appropriate defendants for injunctive relief, *see* Fed. R. Civ. P. 65(d)(2), plaintiff does not adequately allege that any of the defendants personally participated in a deprivation of his

---

[2] The Ninth Circuit did not specify whether the first amended complaint states a plausible due process claim against the defendants in their official capacities, individual capacities, or both. (*See* Doc. No. 27.)

7

constitutional rights.

The first amended complaint, even read generously, does not indicate how Vasquez may recover damages from defendant Brandon Price (current CSH Executive Director); Price is not named in the complaint. Defendant Edmund Brown is sued in his official capacity as the Governor of the State of California, and Vasquez seeks to enjoin him from signing bills into law and authorizing regulations that will enable DSH to prohibit and seize electronic devices at CSH. (*Id*. at 37-38, 44.) The only allegation against defendant Pam Ahlin (previous CSH Executive Director) was that Vasquez received the notices with her name on them in 2010 warning him of the future enforcement of the 2009 regulation. (*Id*. at 17, 37.) The mere receipt of notices from an official with supervisory authority is too vague to support a plausible claim for damages against that official in her individual capacity. *See Atayde*, 255 F. Supp. 3d at 988 (holding that, in a § 1983 case, the causal link between an official exercising her supervisory duties and the claimed constitutional violation must be specifically alleged).

Additionally, the allegations indicate that Vasquez had not yet suffered damages at the time that the amended complaint was filed in September 2013 because the 2009 version of § 4350 had not been enforced.³ (*See* Doc. No. 11 at 15-16.) Plaintiff was seeking injunctive relief to prevent a *future* deprivation of his constitutional rights, which, had it occurred, would have resulted in damages in the form of the future loss of his electronics. (*See id*. at 45-46.) Therefore, there are no allegations in the first amended complaint that support a claim of damages for a prior constitutional deprivation by the defendants. Accordingly, the undersigned will recommend dismissal of the due process claim against the defendants in their individual capacities.⁴

---

³ The potential enforcement of the 2009 version of § 4350 was the basis for Vasquez's future damages, but in Part II.B, *above,* the undersigned concluded that Vasquez's claim for injunctive relief was moot because the 2009 version of § 4350 was not enforced. Vasquez states in his motion for injunctive relief (Doc. No. 29) that he lost his electronics and his constitutional rights were violated only after amended § 4350 was enforced in 2018. If that is the case, Vasquez can amend his complaint or file a new lawsuit addressing the harm caused by the 2018 regulation.

⁴ The court does not reach defendants' other arguments in their motion to dismiss.

8

## III. INJUNCTIVE RELIEF

On February 20, 2018, Vasquez filed a motion for injunctive relief. (Doc. No. 29.)

As a preliminary matter, Vasquez has filed three motions related to his request for injunctive relief. The first motion (Doc. No. 33) seeks to fix a typographical error in the motion for injunctive relief. The second motion (Doc. No. 51) requests an extension of time to file supplemental submissions in support of the requested injunction, which he filed with the motion (Doc. No. 49). The third motion (Doc. No. 59) requests leave to file a rebuttal to defendants' opposition brief concerning his injunction motion. These three motions are granted. (Doc. Nos. 33, 51, 59.)

In the motion for injunctive relief (Doc. No. 29), Vasquez claims that his electronic devices, personal research materials, and legal materials were confiscated on January 23, 2018. (*Id*. at 1.) On the same day, he claims that library and copying services were shut down when the institution went on lockdown. (*Id*. at 1-2.) He states that a recent California appellate court decision held that the confiscation of electronic devices is legal, and that DSH responded to the decision by immediately amending § 4350 and enforcing the amended provision. (*Id*. at 2.) Vasquez asserts that the DSH's actions are pretextual, and that DSH's true purpose in amending the regulation is to stop litigation by detainees. (*Id*. at 3.) He argues that amended § 4350 violates his constitutional rights and enforcement must be put on hold until the constitutionality of the regulation can be analyzed in federal court. (*Id*. at 5.)

### A. Legal Standard

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "[P]laintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In addition to establishing irreparable harm, the injunctive relief sought must be related to the claims brought in the complaint. *See*

*Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

### B. Analysis

Vasquez is unable establish the necessary elements to obtain injunctive relief based on the due process claim stated in the first amended complaint. The undersigned has concluded that Vasquez's claim for injunctive relief directed at the 2009 version of § 4350 is moot because the 2009 version was not enforced and was replaced in 2018 by a different regulation. *See* Part II.B, *above*. In the instant motion directed at amended § 4350, Vasquez appears to be basing his injunction request on a due process claim that was not pled in the first amended complaint. Accordingly, the court does not have authority to issue the requested injunction. *See Pac. Radiation Oncology*, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Plaintiff may refile his motion if he states a due process claim in an amended complaint, and if prospective relief is still necessary.

## IV. MOTION FOR RECONSIDERATION

On February 20, 2018, Vasquez filed a motion to compel joinder and/or substitution of a new party having interest in a transfer of property. (Doc. No. 30.) The motion sought to substitute Robert D. Lefort as the named plaintiff in place of Vasquez, because Vasquez had a plan to transfer his electronic property to Lefort when Vasquez was released from custody, which was imminent. (*See id.*) The court denied the motion because Vasquez is the real party in interest as this is an action concerning Vasquez's due process rights. (*See* Doc. No. 35.)

Vasquez then filed a request for rehearing to alter or amend judgment under Rule 59(e). (Doc. No. 38.) Because a judgment has not been entered, relief under Rule 59(e) of the Federal Rules of Civil Procedure is unavailable. *See* Fed. R. Civ. P. 59(e) (applicable, by its terms, only after entry of the judgment). Instead, the court will construe Vasquez's motion as a motion for relief from an order under Rule 60(b) of the Federal Rules of Civil Procedure.

In his Rule 60(b) motion, Vasquez attempts to recharacterize his prior motion (Doc. No. 30) as a motion to intervene under Federal Rule of Civil Procedure 24 rather than a request to "substitute and/or join the new party" as the motion states and as the court previously analyzed

it. This attempt to use a Rule 60(b) motion to recharacterize the prior motion is procedurally inappropriate. The Rule 60(b) motion should be denied because the court's prior order (Doc. No. 35) properly construed Vasquez's motion and applied the correct legal standards. A request for intervention under Rule 24 is not properly before the court.

## V. LEAVE TO AMEND

Under Rule 15 of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, the court will allow plaintiff to amend his complaint to cure the deficiencies identified above. *See Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff should be permitted leave to amend for the sole purpose of addressing the harm caused by and violation of his due process rights from the 2018 implementation of amended § 4350. It is recommended that plaintiff be granted leave to file an amended complaint within thirty (30) days of the date of service of the order adopting these findings and recommendations.

Much of plaintiff's first amended complaint consists of long, narrative passages with citations to cases. This is unnecessary, confusing, and most importantly, violative of Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8, a complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The short and plain statement "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555 (internal quotation marks omitted)). The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679.

If plaintiff chooses to amend, the second amended complaint should be no longer than twenty (20) pages and should only address the harm caused by the violation of his due process

rights as a result of the 2018 implementation of amended § 4350.[5] The second amended complaint should allege violations of federal law and explain how, in plaintiff's view, each named defendant violated his federal rights. *See* Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff should also allege how each defendant personally participated in the deprivation of his rights. *Jones*, 297 F.3d at 934 (emphasis added).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be signed; should be titled "Second Amended Complaint" in clear, bold type; and should refer to the appropriate case number.

## VI. RECOMMENDATION

Accordingly, it is recommended that:

1. defendants' motion to dismiss (Doc. No. 44) be granted and that the first amended complaint be dismissed with leave to amend
2. plaintiff's motion for injunctive relief (Doc. No. 29) be denied as moot; and
3. plaintiff's motion for rehearing to alter or amend judgment (Doc. No. 38) be denied.

These findings and recommendations will be submitted to the U.S. district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days of service of these findings and recommendations, plaintiff may file written objections with the court. If plaintiff files such objections, he should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights

---

[5] Plaintiff is warned that the court may dismiss this case for failure to follow court orders and failure to state a claim if plaintiff choses to file another amended complaint in the same long, narrative form as the first amended complaint.

on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    August 30, 2018                                        /s/ Jeremy Peterson
                                                                  UNITED STATES MAGISTRATE JUDGE