UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE VASQUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>EDMUND G. BROWN, et al.,<br><br>    Defendants. | No. 1:10-cv-01973-DAD-JDP<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 29, 33, 38, 44, 51, 59, 60) |

Plaintiff George Vasquez is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 31, 2018, the assigned magistrate judge issued findings and recommendations, recommending that: (1) plaintiff's motion for injunctive relief (Doc. No. 29) be denied; (2) plaintiff's motion for rehearing to alter or amend the judgment (Doc. No. 38) be denied; (3) defendant's motion to dismiss (Doc. No. 44) be granted with plaintiff also being granted leave to amend his complaint; (4) plaintiff's motion in errata (Doc. No. 33) be granted; (5) plaintiff's motion for an extension of time (Doc. No. 51) be granted; and (6) plaintiff's motion for a rebuttal (Doc. No. 59) be granted. (Doc. No. 60.) The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days from the date of service. (*Id.* at 12.) Plaintiff filed objections on September 24, 2018. (Doc. No. 64.)

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(c), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the undersigned finds the findings and recommendations to be supported by the record and proper analysis. The court addresses each of plaintiff's objections to the findings and recommendations in turn below.

With respect with to the motion to dismiss, plaintiff argues that dismissal is improper because qualified immunity does not apply on the facts of this case. However, the findings and recommendations did not rest on qualified immunity, but instead were based on a determination that plaintiff's claim for injunctive relief should be dismissed as moot. The operative regulation, § 4350 of title 9 of the California Code of Regulations, was modified after plaintiff filed his complaint in this action. The assigned magistrate judge reasoned that plaintiff's request for injunctive relief had been rendered moot, because the court cannot enjoin operation of a regulation that is no longer in force. Plaintiff contends that the court should allow his case to proceed notwithstanding the amendment to the challenged regulation because defendants could conceivably amend the regulation indefinitely, thereby mooting plaintiff's claims in perpetuity. Although not couched in these terms, plaintiff essentially argues that this scenario falls into the category of cases which are "capable of repetition, yet evading review." *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 836 (9th Cir. 2014) (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 481 (1990)). Such cases constitute an exception to mootness and applicable if "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Fed. Election Comm'n v. Wisc. Right To Life, Inc.*, 551 U.S. 449, 462 (2007). The exception, however, is inapplicable here. "For a controversy to be 'too short to be fully litigated prior to cessation or expiration,' it must be of '*inherently* limited duration.'" *Protectmarriage.com-Yes on 8*, 752 F.3d at 836 (*Doe No. 1 v. Reed*, 697 F.3d 1235, 1240 (9th Cir. 2012)). The fact that the regulation at issue has been modified once, and may be modified again in the future, does not satisfy this standard, since any concern on plaintiff's part of the future modification of the regulation is purely speculative. The pending findings and

recommendations, therefore properly recommended dismissal of plaintiff's claims for injunctive relief against defendants in their official capacities.

Next, plaintiff takes issue with dismissal of his claims brought against defendants in their individual capacities. The assigned magistrate judge recommended dismissal of those claims, concluding that the complaint did not allege how these defendants, through their own conduct, had violated plaintiff's due process rights. "[W]hen a named defendant holds a supervisorial position, the causal link between him or her and the claimed constitutional violation must be specifically alleged." *Atayde v. Napa State Hosp.*, 255 F. Supp. 3d 978, 988 (E.D. Cal. 2017) (citing *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); and *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978)). The undersigned agrees that plaintiff's operative complaint fails to allege any facts satisfying this pleading burden. *See Larez v. City of Los Angeles*, 946 F.2d 630, 645 (9th Cir. 1991) (noting that whether a supervisor is liable for a failure to supervise in his individual capacity "hinges upon his participation in the deprivation of constitutional rights").

Finally, plaintiff objects to the recommended denial of his motion for reconsideration. Plaintiff seeks to substitute another party as plaintiff, explaining that he intends to transfer his electronic property to another individual, Robert Lefort. Plaintiff argues that at that time, Mr. Lefort will become the real party in interest in this case. The then-assigned magistrate judge denied that motion (*see* Doc. No. 35), and plaintiff has provided no basis upon which to reconsider that order under Rule 60.

For these reasons,

1. The findings and recommendations issued August 31, 2018 (Doc. No. 60) are adopted in full;
2. Plaintiff's motion for injunctive relief (Doc. No. 29) is denied;
3. Plaintiff's motion for rehearing to alter or amend judgment (Doc. No. 38) is denied;
4. Defendants' motion to dismiss (Doc. No. 44) is granted; and
5. Plaintiff is granted leave to file a Second Amended Complaint within 30 days of this order addressing the harm allegedly caused by violation of his due process

3

rights from the implementation of California Code of Regulations tit. 9, § 4350, as amended in 2018 (*see* Doc. No. 60 at 11–12).

IT IS SO ORDERED.

Dated: __**September 30, 2018**__      _____
UNITED STATES DISTRICT JUDGE