UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE VASQUEZ,<br><br>        Plaintiffs,<br><br>    v.<br><br>Pam Ahlin, *et al*.,<br><br>        Defendants. | Case No. 1:10-cv-01973-DAD-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT COURT DISMISS CASE AS MOOT AND DENY PLAINTIFF'S MOTION FOR STAY<br><br>ECF No. 72<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME<br><br>ECF No. 78 |

    Plaintiff George Vasquez is a former civil detainee at the Coalinga State Hospital ("CSH") proceeding without counsel in this civil rights action under 42 U.S.C. § 1983. Earlier in this case, plaintiff challenged a regulation of the California Department of State Hospitals ("DSH") that would restrict his access to certain electronic devices at CSH. According to plaintiff, the challenged regulation, if enforced, would violate his due process rights. While this case was pending, DSH amended the challenged regulation, mooting plaintiff's claim. This court then dismissed the complaint and directed plaintiff to file an amended complaint to assert any challenge he might have against the newly-amended regulation.

    Months have passed since the court asked for an amended complaint from plaintiff, and he has not amended his complaint. The court has ordered plaintiff to show cause why the case

1

should not be dismissed (1) as moot and (2) for plaintiff's failure to file an amended complaint, ECF Nos. 71, 75, but plaintiff's response does not address either issue. Instead, he argues that several new claims unrelated to this case accrued and that he is entitled to litigate those new claims in this lawsuit. Notably, plaintiff does not dispute this court's prior conclusion that his original claim became moot because the challenged regulation was amended. Plaintiff may litigate his new, unrelated claims in another case, but his original claim became moot, and without a pleading that presents a live case or controversy, this court lacks jurisdiction. Thus, the court must dismiss the case. Alternatively, plaintiff's prolonged and repeated failure to file an amended complaint warrants dismissal for failure to comply with a court order. Neither ground for dismissal precludes plaintiff from asserting his new claims in a different case, but this case should now be closed. All pending motions should be denied.

**I.     Background**

    **a. Plaintiff's Allegations**

In 2010, during his stay at CSH, plaintiff received a memorandum from CSH administrators, who informed him about increased findings of contraband such as pornographic materials, allegedly attributable to patients' use of electronic devices. The memorandum also informed plaintiff that DSH had responded to those incidents by enacting, on an emergency basis, Section 4350 of Title 9 of the California Code of Regulations, which would prohibit all electronic devices with internet capabilities at CSH. As applied to plaintiff, Section 4350 would deprive him of (1) his electronic devices, including his personal computer and several handheld gaming consoles; and (2) data stored on those electronic devices, including plaintiff's legal research and certain information related to his medical treatment. ECF No. 11 at 14-15.

Plaintiff argued that the planned enforcement of Section 4350 would violate his due process rights. He argued that, by banning all electronic devices, Section 4350 did not employ the least restrictive means of achieving a legitimate government interest. *Id*. at 12-13, 33-34. Plaintiff asked the court to enjoin DSH from enforcing Section 4350, to "maintain the status quo before any more changes to the policies are implemented." *Id*. at 15.

### b. Procedural History

Plaintiff filed his original complaint in this case while he was still a patient at CSH. ECF No. 1.[1] In the original complaint and the attached exhibits, which ran over 200 pages, plaintiff complained of a wide variety of matters, including the planned enforcement of Section 4350. This court concluded that plaintiff failed to state a claim and required him to file an amended complaint. *See* ECF No. 8 at 20. Plaintiff then filed his first amended complaint and additional exhibits, running a combined 273 pages. ECF No. 11.[2] After another round of screening, this court again concluded that plaintiff failed to state a claim and dismissed the case. ECF No. 16. The court explained, "Plaintiff's lengthy Amended Complaint is filled with generalized statements and legal arguments, but little to no factual support." *Id*. at 15. The court also noted that plaintiff's factual allegations were vague. *Id*. Plaintiff appealed, ECF No. 18, and the Ninth Circuit affirmed in part and reversed in part. ECF No. 27. Although the court of appeals affirmed the dismissal of plaintiff's other claims, the court also concluded that plaintiff "alleged facts in the amended complaint sufficient to state a plausible due process claim arising from the regulation of his electronic devices" and remanded for further proceedings. *Id*. at 2-3. On remand, this court served the first amended complaint on defendants, who appeared and responded to the complaint with a motion to dismiss.

In their motion to dismiss, defendants argued that plaintiff's due process claim arising from the threatened restriction on his electronic devices was moot. *See generally* ECF No. 44. They argued that, in response to lawsuits filed by CSH patients, DSH had amended Section 4350 to allow patients to possess otherwise-prohibited electronic devices under supervision. *See id*. at 14-15; Cal. Code Regs. tit. 9 § 4350(d). The amended regulation also allowed a patient to mail his electronic devices to an off-site location of his choice, after a search of those devices, as an alternative to permanent confiscation. *See* ECF No. 44-1 at 26. If a patient refused to turn in his

---

[1] He is now released from custody. *See People v. Superior Court (Vasquez)*, 27 Cal. App. 5th 36 (Cal. Ct. App. 2018).

[2] The first amended complaint purports to incorporate various facts from the attached exhibits. The analysis below takes into account those exhibits.

3

electronic devices voluntarily for review, then the electronic devices would be confiscated as contraband and destroyed. *Id.*; ECF No. 79 at 11. The first amended complaint was directed at the old Section 4350 and contained no challenge against the amended Section 4350. This court granted defendants' motion to dismiss and granted plaintiff leave to amend his complaint to assert any challenge he might have against amended Section 4350. ECF Nos. 60, 66. Rather than filing a second amended complaint, plaintiff took an interlocutory appeal. ECF No. 68. The Ninth Circuit dismissed the appeal, noting that the court of appeal lacked jurisdiction and that plaintiff's due process claim was moot.[3] This court ordered plaintiff to show why the case should not be dismissed (1) as moot and (2) for plaintiff's failure to file an amended complaint. ECF Nos. 71, 75.

Plaintiff has filed a response to the order to show cause. ECF No. 79. He argues that the case is not moot because he has been released from CSH and several new claims have accrued since his release. He alleges that, for an unidentified reason, some electronic devices he had at CSH have not been returned to him after his release. Plaintiff does not allege that his new claims arise from the older or the amended version of Section 4350. He does not allege that defendants named in this case are responsible for the return of the devices. Plaintiff still has not filed another amended complaint, and the operative pleading still challenges the old version of Section 4350. Defendants filed their own response to the court's order to show cause on mootness, arguing that the case is moot.

---

[3] The Ninth Circuit wrote:

> Appellees' motion to dismiss this appeal for lack of jurisdiction and as moot (Docket Entry No. 9) is granted. *See* 28 U.S.C. § 1291; *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (dismissal of complaint with leave to amend is not appealable); *see also People of Village of Gambell v. Babbitt*, 999 F.2d 403, 406 (9th Cir. 1993) (claim is moot if there no longer exists a present controversy for which relief can be granted).

*See Vasquez v. Ahlin*, No. 18-17068, ECF No. 20 (9th Cir. June 26, 2019).

4

**II. Discussion**

I recommend that the court dismiss the case for two reasons: First, the case is moot; this court lacks jurisdiction absent case and controversy. Second, plaintiff has not amended his complaint as ordered. Each of these reasons provides an independent basis for dismissal.

**a. Mootness**

A federal court has an independent duty to examine its jurisdiction, and discharging that duty requires the court to ensure that an actual controversy exists at every stage of litigation. *See Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 903 F.3d 829, 838 (9th Cir. 2018); *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1036 (9th Cir. 2013). A case becomes moot when a court cannot grant "any effectual relief." *Rocky Mountain Farmers Union v. Corey*, 913 F.3d 940, 949 (9th Cir. 2019). An actual controversy cannot exist when the case has become moot. *See M.M. v. Lafayette Sch. Dist.*, 767 F.3d 842, 857 (9th Cir. 2014).

Here, two reasons compel the conclusion that this case became moot: First, the Ninth Circuit's determination on interlocutory appeal that the case is moot is the law of the case. Second, even if the court were to reconsider its prior decision on mootness, its decision must remain the same.

**i. Law of the Case**

The law of the case doctrine governs reconsideration of "an issue that has already been decided by the same court, or a higher court in the identical case." *Rocky Mountain Farmers Union v. Corey*, 913 F.3d 940, 951 (9th Cir. 2019) (quoting *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997)). When a court has decided an issue earlier in a case, that court may reassess its own ruling at its discretion. *See Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018). On the other hand, a lower court must follow the appellate court's decision on issues "decided explicitly or by necessary implication," *Visciotti v. Martel*, 862 F.3d 749, 763 (9th Cir. 2016), absent "clear error, changed law, new evidence, changed circumstances, or manifest injustice." *Askins*, 899 F.3d at 1043. *See also United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995) (comparing law of the case doctrine with the mandate rule). The law of the case doctrine applies even when the higher court has not provided nuanced analysis for its

decision; the "[d]eference to the judicial hierarchy leaves room for no other course of action," and the lower court must "assume that the [higher court] meant what it said." *Visciotti*, 862 F.3d at 764.

Here, the law of case doctrine binds this court. Plaintiff litigated the issue of mootness before the Ninth Circuit. After defendants moved to dismiss the pending appeal as moot, plaintiff alleged that he had been released from CSH and argued that defendants continued to violate his rights by failing to return certain electronic devices after his release. According to plaintiff, given the continuing violation, a live case and controversy existed. *See Vasquez*, No. 18-17068, ECF No. 19 at 3-4. The Ninth Circuit disagreed and dismissed the appeal, stating that plaintiff's due process claim was moot. *See Vasquez v. Ahlin*, No. 18-17068, ECF No. 20 (9th Cir. Jun. 26, 2019).

Given these facts, this court is bound by the Ninth Circuit's ruling that plaintiff's due process claim is moot. The change-of-circumstances exception to the law of case doctrine is not triggered because the court of appeals reached its ruling knowing plaintiff's change of circumstances. *See Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1034-35 (9th Cir. 2015) (rejecting change-of-circumstances argument because the court issued its ruling after, and knowing, the change of circumstances).[4] The court of appeals noted that plaintiff's claim of due process became moot. Thus, mootness is a matter already decided on appeal, and that decision binds this court.

### ii. Reconsideration

Even if the law of the case doctrine did not apply, this court has already concluded that plaintiff's sole remaining claim is moot, ECF Nos. 60, 66, and plaintiff has not identified a reason to set aside that ruling. Plaintiff does not explain how the old or the amended Section 4250 has

---

[4] Plaintiff has filed a motion for reconsideration pending before then Ninth Circuit challenging the court of appeals' decision on mootness, but this court need not wait for the resolution of that motion. A "panel decision of the Ninth Circuit is binding on lower courts as soon as it is published." *Nichols v. Harris*, 17 F. Supp. 3d 989, 993 (C.D. Cal. 2014) (citing *Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012)).

6

violated his rights. Instead, he purports to assert unrelated claims that accrued after his release from CSH.

Generally, "if a challenged law is repealed or expires, the case becomes moot." *Arc of California v. Douglas*, 757 F.3d 975, 982 (9th Cir. 2014) (quoting *Native Vill. of Noatak v. Blatchford*, 38 F.3d 1505, 1510 (9th Cir. 1994)). However, the standard for finding mootness can vary, depending on the nature of the challenged law. *See Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014). "A statutory change . . . is usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed." *Id.* (quoting *Chem. Producers & Distribs. Ass'n v. Helliker*, 463 F.3d 871, 878 (9th Cir. 2006)). "The rigors of the legislative process bespeak finality and not for-the-moment, opportunistic tentativeness." *Fikre v. Fed. Bureau of Investigation*, 904 F.3d 1033, 1038 (9th Cir. 2018) (citation and internal alterations omitted). On the other hand, "an executive action that is not governed by any clear or codified procedures cannot moot a claim." *Fikre v. Fed. Bureau of Investigation*, 904 F.3d 1033, 1038 (9th Cir. 2018). For cases that lie between these two ends of the spectrum, courts ask whether the government's new position "could be easily abandoned or altered in the future." *Id.*

This case involves an amendment to a government agency's ordinance. No bright-line rule applies here, but courts have considered a non-exclusive list of factors from *Rosebrock v. Mathis*, 745 F.3d 963, 972 (9th Cir. 2014); *Hamidi v. Serv. Employees Int'l Union Local 1000*, 386 F. Supp. 3d 1289, 1296 (E.D. Cal. 2019) (applying *Rosebrock* factors). In *Rosebrook*, the Ninth Circuit noted that "repeal or amendment of an ordinance by a local government or agency does not necessarily deprive a federal court of its power to determine the legality of the practice at issue though it may do so in certain circumstances." *Rosebrock*, 745 F.3d at 971 (citation omitted). The court of appeals then explained that mootness is more likely if: (1) "the policy change is evidenced by language that is broad in scope and unequivocal in tone"; (2) the policy change "fully addresses all of the objectionable measures that the Government officials took against the plaintiffs in the case"; (3) "the case in question was the catalyst for the agency's adoption of the new policy"; (4) "the policy has been in place for a long time when [the court] considers mootness"; and (5) "since the policy's implementation the agency's officials have not

engaged in conduct similar to that challenged by the plaintiff." *Id.* at 972. On the other hand, mootness is less likely if the "new policy could be easily abandoned or altered in the future." *Id*. The central question is whether the challenged conduct "cannot reasonably be expected to recur." *Id*.

Here, plaintiff's due process claim against Section 4350 has become moot. We recognize that at least one factor weighs against finding mootness. It appears that DSH can easily abandon or alter its new policy: Section 4350 was enacted on an emergency basis and then later amended, again on an emergency basis. *See* Cal. Code Regs. tit. 9 § 4350. On the other hand, other factors weight in favor of finding mootness. First, the amendment to Section 4350 unequivocally changed Section 4350. Second, the amendment addressed plaintiff's complaint against the old Section 4350—deprivation of electronic devices and deprivation of data contained in those devices—because the amended 4350 allowed him to keep his devices subject to supervision. Third, DSH amended Section 4350 in response to the lawsuits filed by CSH patients. Fourth, after the amendment at issue, Section 4350 still allows patients to keep their electronic devices under supervision. Fifth and most critically, plaintiff is no longer at CSH, and he has no allegation—or any pleading at all—that challenges either the old or amended Section 4350. On balance, these facts weigh in favor of finding mootness.

Plaintiff contends that the case is not moot for the following nine reasons:

1. Plaintiff seeks a new injunctive relief: the provision of his electronic devices that certain state actors failed to return after plaintiff's release from custody. This claim for injunctive relief accrued after plaintiff's release from custody and after the filing of the first amended complaint. State actors have confiscated those devices without adhering to due process principles.

2. Plaintiff does not seek only injunctive relief, but also compensatory damages for his loss of his legal resource files. Plaintiff's claim for compensatory damages accrued when an unidentified state actor's failure to return plaintiff's electronic devices after his release.

3. Plaintiff's restricted access to his electronic devices hinders his career development. He began working in landscaping and construction industries after his release, but he cannot "pursue" his marketable skills gained by using his electronic devices.

8

4. Plaintiff's obligation to register as a sex offender constitutes a punishment. And the California's statute imposing the registration requirement should be amended to have a sex offender status expire after ten years.

5. Plaintiff raises a claim of intentional infliction of emotional distress against certain defendants for unlawfully restricting plaintiff's access to his electronic devices. This claim of intentional infliction of emotional distress entitles him to punitive damages, and it accrued after the filing of the first amended complaint.

6. The constitutional violations alleged here are capable of repetition and evading review.

7. Plaintiff has standing.

8. Plaintiff seeks a declaratory judgment.

9. In the immigration context, a detainee's deportation does not moot his habeas petition.

ECF No. 79 at 1-7.

Plaintiff's arguments are unpersuasive. As for the first three arguments, plaintiff does not explain whether his new claims belong in this lawsuit. Although a plaintiff may assert any number of unrelated claims against any single defendant, he does not have an unfettered right to join different defendants in a single lawsuit for unrelated events. *Compare* Fed. R. Civ. P. 18(a) (joinder of claims), *with* Fed. R. Civ. P. 20(a) (joinder of parties). Plaintiff does not allege that the state actors responsible for implementing the challenged regulation in 2010 are the same individuals responsible for handling his electronic devices now. Without such an allegation, plaintiff's new claims—which accrued a decade after the original claim—belong in a separate lawsuit. *See Melendres v. Arpaio*, 784 F.3d 1254, 1260 (9th Cir. 2015). Likewise, plaintiff does not allege that the same state actors responsible for passing the Sexually Violent Predator Act are responsible for either the old or the new Section 4350. Plaintiff also raises these new claims after more than a year after his release, even though the court has been directing him to file an amended complaint for about a year. His undue delay in asserting these new claims precludes adding them to an amended complaint. *See Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 892 (9th Cir. 2010); *Seven Words LLC v. Network Sols.*, 260 F.3d 1089, 1097 (9th Cir. 2001) (rejecting a "late-in-the-day damages claim" raised for the first time to defeat mootness). Whether the court excludes the new claims from this case or rejects the proposed amendment for

adding new claims, plaintiff is left with only a mooted claim in this case. His late assertion of new claims does not show that the first amended complaint presents a live case or controversy.

Other arguments from plaintiff warrant little discussion. Federal courts have held that requiring an individual to register as a sex offender under California law is not a punitive measure. *See United States v. Hardeman*, 704 F.3d 1266, 1268 (9th Cir. 2013); *People v. Fioretti*, 54 Cal. App. 4th 1209, 1213 (1997) ("Indeed virtually every court recently considering sex offender registration laws has held that these requirements are regulatory rather than punitive.") (collecting cases). Plaintiff does not attempt to allege facts that could state a claim of intentional infliction of emotional distress. *See Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009) (listing elements). Separately, to show a constitutional violation capable of repetition and yet evading review, plaintiff must show that "there is a reasonable expectation that the same complaining party will be subject to the same action again." *Fed. Election Comm'n v. Wisc. Right To Life, Inc.*, 551 U.S. 449, 462 (2007). Because plaintiff is released from CSH, he cannot be subject to either the old or the new Section 4350, so he cannot show a reasonable expectation that he would be subject to the same state action again. A party's standing to sue does not create a case or controversy when the case is moot. Although plaintiff seeks a declaratory judgment, the operative complaint challenges only old regulations; a "declaratory judgment merely adjudicating past violations of federal law—as opposed to continuing or future violations of federal law—is not an appropriate exercise of federal jurisdiction." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 868 (9th Cir. 2017). Plaintiff's argument that, in the immigration context, a detainee's deportation does not moot his habeas petition is irrelevant here; he does not explain how this case is analogous to an immigration case.

Our discussion on mootness ends with an issue not raised by the parties. One of the exhibits attached to plaintiff's response to the court's order to show cause on the mootness issue is a letter from a DSH official. The letter says some electronic devices of CSH patients who have not consented to search have been confiscated under the amended Section 4350. ECF No. 79 at 10-11. The letter is not a pleading, and even if the court were to consider the letter, plaintiff has not shown a case or controversy. The letter is not addressed to plaintiff, *id*. at 10, and he does not

allege that he is one of the CSH patients whose devices have been confiscated under the amended Section 4350. Further, if plaintiff's devices have been confiscated under the amended Section 4350, he will need to allege that how the amended Section 4350 violates federal law. Specifically, plaintiff needs to provide some explanation how the safeguards of the amended Section 4350—such as allowing him to keep his devices under supervision—were not enough. Otherwise, if plaintiff's devices contained contraband or he refused to undergo relatively unintrusive search of his devices for contraband, he would need to identify another basis for relief. Ultimately, plaintiff must allege in plain terms how this case presents a live case or controversy; it is not the role of this court to perform that task on plaintiff's behalf. *See Coeur d'Alene Tribe v. Hawks*, No. 17-35755, __ F.3d __ 2019 WL 3756886, at *2 (9th Cir. Aug. 9, 2019); *Patel v. Facebook, Inc.*, 932 F.3d 1264 (9th Cir. 2019). Because plaintiff has not identified a case or controversy, and given the Ninth Circuit's ruling, the court must dismiss the case as moot.

### b. Failure to Comply with Court Order

In addition to this court's lack of jurisdiction, plaintiff's failure to comply with a court order warrants dismissal. The court gave plaintiff an opportunity to challenge the amended Section 4350 by granting leave to file another amended complaint back in September 2018. ECF No. 66. Two months later, in November 2018, the court ordered plaintiff to show cause why the case should not be dismissed for plaintiff's failure to file an amended complaint. ECF No. 71. About ten months have passed since the order to show cause, and plaintiff still has not filed an amended complaint. Instead, plaintiff filed a response to this court's order on mootness, but his arguments do not address the mootness issue as discussed above, and his arguments do not excuse his failure to comply with a court order.[5]

---

[5] Plaintiff has moved to stay the case pending the Ninth Circuit's decision on interlocutory appeal, ECF No. 72, but the court of appeals has already rejected his arguments, and it has been at least two months since the dismissal of the appeal. In addition, an interlocutory appeal ordinarily does not warrant a stay of proceedings. *See California v. Azar*, 911 F.3d 558, 584 (9th Cir. 2018). Plaintiff's motion for stay is discussed below; it does not excuse him from filing an amended complaint.

11

The court may dismiss a case for failure to prosecute or failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Involuntary dismissal is a harsh penalty, but a district court has a duty to resolve disputes expeditiously and avoid needless burden for parties. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1. To decide whether to dismiss the case under Rule 41(b), a court ordinarily considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc*., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)). These heuristic factors merely guide the court's inquiry; they are not elements required for dismissal. *See In re Phenylpropanolamine (PPA) Products Liability Litig*., 460 F.3d 1217, 1226 (9th Cir. 2006).

Here, the balance of the five factors weigh in favor of dismissing the case. The public's interest in expeditious resolution of the case and the court's need to manage its docket weigh in favor of dismissal. *See Pagtalunan*, 291 F.3d at 642. Unnecessary delay causes prejudice for defendants, as it "inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id*. at 643. As for the availability of lesser sanctions, imposing monetary sanctions would be futile given plaintiff's in forma pauperis status; other sanctions such as preclusion of evidence seem ineffective because plaintiff has not stated a claim. Because plaintiff has not stated a claim, he suffers negligible, if any, prejudice. Only the public policy favoring disposition on their merits weighs against dismissal, but this factor does not warrant much weight because, again, plaintiff has stated a claim. Thus, I recommend that the court dismiss the case.

Plaintiff's lack of training in law does not excuse his failure to comply with a court order. Under of Rule 8 of the Federal Rules of Civil Procedure, plaintiff had the simple task of telling his side of the facts in his complaint; he had the ability to do so, judging from his writing in various documents. Although plaintiff's current pleading has some deficiencies—notably its remarkable volume of 273 pages and its opacity, those deficiencies resulted from plaintiff's

decision to assert legal conclusions rather than factual allegations.[6] And plaintiff attempted to assert as many claims as possible in a single case—even though many of those claims belonged in separate cases.

Finally, the dismissal of this case does not operate as a harsh punishment for plaintiff. Specifically, because this court lacks jurisdiction, the recommended dismissal does not deprive plaintiff of an opportunity to litigate his new claims. If plaintiff has good-faith basis to assert claims arising from certain defendants' failure to return his properties or amended Section 4350, he may litigate those claims in a different case. Opening a new case requires plaintiff to file a new complaint. If he chooses to do so, he should attempt to follow Rule 8 and avoid filing another lengthy complaint.

**c. Other Motions**

Plaintiff moves to stay this case pending the Ninth Circuit's decision on interlocutory appeal. ECF No. 72. Because the court of appeals already decided the case by dismissing the appeal, plaintiff's motion to stay is moot.

Plaintiff also moves for an extension of time to file a response to the court's order to show cause why the case should not be dismissed for mootness. ECF No. 78. Before the court granted plaintiff's extension of time, he filed his response, even though he did so after the applicable deadline. ECF No. 79. Plaintiff's late response to the order to show cause has been considered. Plaintiff's motion for extension of time is moot.

**III. Order**

Plaintiff's motion for an extension of time, ECF No. 78, is denied.

**IV. Findings and Recommendations**

I recommend that the court deny plaintiff's motion for stay, ECF No. 72, dismiss the case for lack of jurisdiction.

---

[6] The court has warned plaintiff about the problem of Rule 8 deficiency and allowed him to at least a year to cure it. *See* ECF No. 16 at 4 ("Plaintiff's lengthy Amended Complaint is filled with generalized statements and legal arguments, but little to no factual support."); *accord* ECF No. 60 at 11 ("Much of plaintiff's first amended complaint consists of long, narrative passages with citations to cases. This is unnecessary, confusing, and most importantly, violative of Rule 8 of the Federal Rules of Civil Procedure.").

13

Under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California, the assign magistrate judge submits these findings and recommendations to the U.S. District Court Judge presiding over the case. Within fourteen days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: ___September 10, 2019___  _____
UNITED STATES MAGISTRATE JUDGE

No. 202