1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GEORGE VASQUEZ,                      No. 1:10-cv-01973-DAD-JDP

12                 Plaintiff,

13        v.                             ORDER DENYING MOTION FOR
                                         RECONSIDERATION
14   PAM AHLIN, et al.,
                                         (Doc. No. 87)
15                 Defendants.

16

17        Plaintiff George Vasquez is a former civil detainee at the Coalinga State Hospital ("CSH")

18   proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C.

19   § 1983.  On September 30, 2019, the undersigned issued an order adopting in full the assigned

20   magistrate judge's September 11, 2019 findings and recommendations recommending that

21   plaintiff's complaint be dismissed (1) as moot and (2) due to his failure to file an amended

22   complaint.  (Doc. No. 83.)   On October 17, 2019, plaintiff moved this court for reconsideration

23   of the September 30, 2019 order.  (Doc. No. 57.)

24        Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and upon such terms as

25   are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the

26   following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other

27   reason justifying relief from the operation of judgment."  Relief under Rule 60 "is to be used

28   sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where

                                        1

extraordinary circumstances" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)). The moving party "must demonstrate both injury and circumstances beyond his control." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered. "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted).

Here, the pending motion falls far short of meeting these standards. Plaintiff argues that he was not able to timely object to the September 11, 2019 findings and recommendations because he did not receive them until September 13, 2019 and that "his volunteer assistant," who apparently received his own copy of the findings and recommendations on September 19, 2019, was not able to work on plaintiff's objections until after the deadline to file objections had passed. (Doc. No. 87 at 1.) Plaintiff's arguments in this regard fail to show mistake, inadvertence, surprise, or excusable neglect; nor do they reveal the existence of either newly discovered evidence or fraud; nor do they establish that the judgment is either void or satisfied; nor do they present any other reasons justifying relief from judgment. Moreover, pursuant to the court's Local Rules, plaintiff has not shown "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j). In the pending motion for reconsideration plaintiff essentially states that he did not object to the findings and recommendations in a timely fashion because the person he relied on for help was not available until after the deadline to object had passed. Plaintiff,

however, cites to no authority in support of his position that him requiring assistance in litigating this action can form the basis of his motion for reconsideration of the court's September 30, 2019 order. Indeed, "regardless of whether [plaintiff's 'volunteer assistant'] was acting as his 'jailhouse lawyer' here, plaintiff, as a *pro se* litigant, still bears the responsibility of prosecuting his own case," *Oster v. Clarke*, No. C07-5508RJB-KLS, 2009 WL 279056, at *3 (W.D. Wash. Feb. 2, 2009), which includes complying with court orders and timely filing objections to a magistrate judge's findings and recommendations to a district court judge. *See Nicklas v. Giordano*, No. CV 12-2918-VAP AS, 2014 WL 3405833, at *8 (C.D. Cal. July 10, 2014) ("[P]ro se prisoner litigants do not enjoy an absolute right to have a jailhouse lawyer assist with legal representation, make appearances on their behalf, or file papers with the court as the litigant's legal representative.").

Finally, the court notes that neither the pending motion for reconsideration , nor plaintiff's pending (and untimely) motion for extension of time to file objections to the September 11, 2019 findings and recommendations (Doc. No. 86) or his untimely objections themselves (Doc. No. 85), meaningfully dispute the magistrate judge's findings that his claims have been rendered moot and, separately, that the action should be dismissed due to his failure to file an amended complaint. The California Department of State Hospitals ("DSH") regulation that plaintiff is challenging in his complaint was amended while this action was pending, rendering plaintiff's complaint moot. (Doc. No. 82 at 1.) The court afforded plaintiff an opportunity to file an amended complaint to assert any additional challenge he might have wished to assert against the then-newly amended regulation. (*Id.* at 1.) This he did not do. After several months had passed and plaintiff did not file an amended complaint, the court issued two orders to show cause requiring plaintiff to show why the case should not be dismissed as moot and due to plaintiff's failure to file an amended complaint. Plaintiff's response to those orders did not dispute that his complaint has been rendered moot in light of the DSH's amended regulation.

/////

/////

/////

Accordingly,

1.    Plaintiff's motion for reconsideration (Doc. No. 87) is denied;

2.    Plaintiff's motion for extension of time to file objections (Doc. No. 86) is denied; and

3.    The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **January 13, 2020**                    _Dale A. Drozd_____
                                                 UNITED STATES DISTRICT JUDGE